IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARRY STEWART, M.D.                                                      PLAINTIFF

v.                              CASE NO. 4:17-CV-00338-BSM

ADVANCED MEDICAL REVIEWS, INC.;
EXAMWORKS, INC.; J.D. HAINES, M.D.; GARY
GRAMM, D.O.; DAVID CHEN, M.D.; ANNA
BELMAN, M.D.; and JENNIFER CROWLEY, R.N.                 DEFENDANTS

**DEFENDANTS' BRIEF IN SUPPORT OF**
**MOTION TO STRIKE DR. TIMOTHY QUILL**

## I.      Introduction

The Court should grant defendants' motion to strike Dr. Quill as plaintiff's

expert witness because plaintiff's expert witness disclosure deadline was not

extended and, therefore, his disclosure his untimely. Additionally, even if the Court

finds the expert witness disclosure deadline was extended, disclosure was

nevertheless untimely.

## II.      Argument

**A.      Plaintiff's expert witness disclosure deadline was not extended,**
**making his disclosure his untimely.**

A scheduling order cannot be changed absent "good cause and with the

judge's consent." *See* Fed. R. Civ. P. 16(a). A party that "fails to provide information

or identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial,

unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In *Wells v. Lamplight Farms, Inc.*, the parties agreed to a discovery plan that established a deadline for the plaintiffs' expert disclosures, the defendants' expert disclosures, and rebuttal expert disclosures. 303 F.R.D. 530, 532 (N.D. Iowa 2014). The scheduling order also included a deadline for completion of all discovery. *Id.* The plaintiffs sought to obtain additional discovery after their expert disclosure deadline. *Id.* at 533. The defendants moved to quash the requested discovery, arguing that the discovery "would serve no purpose other than to allow their expert to formulate new opinions." *Id.* In granting the defendants' motion, the court ruled because the "**plaintiffs did not obtain (let alone seek) an extension**, and because Rule 26(e) does not justify the addition of new expert opinions long after the expert disclosure deadline," the plaintiffs' attempt to disclose a supplemental expert opinion was improper. *Id.* at 537 (emphasis added).

Although the facts of *Wells* are not identical to the case at bar, *Wells* is nonetheless instructive. In *Wells*, the plaintiffs attempted to conduct more discover for the purpose of supplementing one of their expert's opinions but were barred from doing so. Dr. Stewart, however, is not merely trying to supplement a timely-disclosed expert's opinion; he is attempting to disclose an entirely new expert months after the expert disclosure deadline and just one business day before the deadline for completion of all discovery.[1] As the *Wells* plaintiffs were barred from supplementing an expert witness's opinion past the expert disclosure deadline, so

---

[1] The Court's Second Amended Final Scheduling Order did not extend the expert disclosure deadlines set forth in paragraph 4 of the Amended Final Scheduling Order. *See* Doc. Nos. 43, 128. Rather, the Second Amended Final Scheduling Order extended the deadline for completion of all discovery from May 11, 2018 (*see* Doc. No. 43, ¶ 2) to July 16, 2018 (*see* Doc. No. 128, ¶ 2).

should Dr. Stewart be barred from disclosing Dr. Quill more than five months past his disclosure deadline.

The *Wells* opinion illustrates a well-developed body of law that has been affirmed by the Eighth Circuit. In *Trost*, the Eighth Circuit held that a failure to disclose a witness in a timely manner is equivalent to a total failure to disclose that witness. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). Thus, if a witness's identity is not timely and properly disclosed, that testimony generally will not be admissible at trial:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). The advisory committee's note to the 1993 amendments of Fed. R. Civ. P. 37 states:

> Rule 37(c)(1) is a self-executing sanction. . . .
>
> *         *         *
>
> Paragraph (1) prevents a party from using as evidence and witnesses or information that without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This ***automatic*** sanction provides a strong inducement for disclosure of materials that the disclosing party would expect to use as evidence, whether at trial, at a hearing, or on a motion, such as one under Rule 56.

Fed. R. Civ. P. 37, advisory committee's note to 1993 amendments (emphasis added).

The purpose of these disclosure rules is to eliminate unfair surprise to the opposing party and to conserve judicial resources. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995). Enforcement of scheduling

3

"order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1).

This Court has previously considered four factors in assessing whether the failure to timely disclose an expert was justified or harmless: (1) the importance of the proffered witness's testimony; (2) the explanation of the party for its failure to comply with the required disclose; (3) the potential prejudice that would arise from allowing the material to be used at trial or on a motion; and (4) the availability of a continuance to cure such prejudice. *Stanley v. Tyson Foods, Inc.*, No. 5:08-cv-0004-BSM, 2008 WL 5381393, at *1 (E.D. Ark. Dec. 22, 2008).

In *Trost*, a products liability case, the Eighth Circuit Court of Appeals affirmed the district court's grant of summary judgment in favor of a defendant based on plaintiff's untimely expert disclosures. 162 F.3d at 1006. There, the district court set scheduling deadlines for expert witness disclosures and depositions. *Id.* After these expert witness deadlines passed, the defendant moved for summary judgment, arguing that the plaintiff failed to produce "competent evidence to support his claims." *Id.* The court granted the motion, "finding the opinion of [the plaintiff's] expert <u>inadmissible because it was untimely, inadequate,</u> and based upon insufficient expertise." *Id.* (emphasis added). The plaintiff's expert's opinion was provided "forty-two days after the deadline for completion of expert discovery." *Id.* at 1007. On appeal, the Eighth Circuit held that the plaintiff had no substantial justification that would allow for a late disclosure:

> There is no question that the expert evidence was late. October 1, 1997 was the deadline for expert discovery, and Engel's . . . affidavit and . . . letter were submitted well beyond that date. "A party that . . . fails to disclose information required by Rule 26(a) . . . <u>shall not be permitted</u> to use the [nondisclosed information] as evidence at a trial, at a hearing, or on a motion" "unless such failure is harmless" or there was "substantial justification" for the failure.

*Id.* at 1008 (brackets in original) (emphasis added). The plaintiff had not requested an extension of the deadline, and the untimely disclosure was not harmless because the defendant had continued to litigate the case based on the lack of plaintiff's disclosure. *Id.* at 1008–09. The Eighth Circuit held that the defendant "would have been significantly prejudiced by the late production of [the expert's] opinion because of lack of time to prepare to refute the evidence at trial. In addition, the court's trial calendar would have been disrupted if a continuance became necessary."

Just as the Eighth Circuit pointed out in *Trost*, here, plaintiff had no problem requesting an extension <u>before</u> his February 23, 2018 expert disclosure deadline as to three of his experts: Dr. Morgan Sauer, Dr. Jonathan Wolfe, and Dr. Ralph Scott, and defendants agreed to that request. *See* Doc. No. 43, ¶ 4. Plaintiff then timely disclosed those three experts along with their respective reports, as required by the Amended Final Scheduling Order and the Federal Rules of Civil Procedure. No such extension was timely sought before the February 23, 2018 deadline as to Dr. Timothy Quill. Likewise, no such extension was timely sought before plaintiff's April 20, 2018 deadline to disclose rebuttal experts.

None of the factors outlined by this Court in *Stanley* support allowing plaintiff's untimely identified experts to testify during plaintiff's case-in-chief. As for the first *Stanley* factor, plaintiff's existing liability experts (Dr. Sauer and Dr.

Wolfe) have already testified that the medications ordered by Dr. Stewart did not hasten the patients' deaths; thus, removing any potential importance from the testimony of plaintiff's late-disclosed expert. Regarding the second *Stanley* factor, plaintiff has offered no reason for his failure to comply with the February 23, 2018 deadline as to Dr. Quill. The third *Stanley* factor also weighs in favor of defendants. The discovery deadline was July 16, 2018. *See* Doc. No. 128, ¶ 2. Defendants have prepared this case based on the agreed disclosure deadlines and have disclosed their experts with reports based on the representations plaintiff's timely-disclosed experts made in their reports. To allow plaintiff to, in effect, re-open expert discovery after fully exploring defendants' expert witness strategy would result in unfair prejudice to defendants by adding significant costs and, more importantly, by giving plaintiff two bites at the apple. Defendants have spent substantial hours and thousands of dollars related to Dr. Sauer's deposition (both in preparation-related and actual deposition charges). Moreover, in their reports, defendants' experts have considered and directly responded to plaintiff's experts' opinions and the bases for them. To allow plaintiff to name Dr. Quill as a new expert will result in thousands of additional dollars related to depositions and consultations with defendants' own experts. Because plaintiff cannot demonstrate any substantial justification for this untimely disclosure and because the untimely disclosure was not harmless, he should be precluded from calling Dr. Quill as a witness at the trial of this case.

**B.     Even if the Court finds the expert witness disclosure deadline was also extended, disclosure was nevertheless untimely.**

The opposing party's expert witness may only be deposed after the deposing party has been provided the expert's report. Fed. R. Civ. P. 26. A disclosure leaving no time for a deposition indicates the disclosure's untimeliness. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 496, 500 (8th Cir. 2008) (affirming the district court's grant of a motion to strike an expert witness's affidavit "because the defendants had not had a chance to depose [the expert] on these opinions"); *see also Draper v. H. Roberts Family, LLC*, No. 1:06-CV-3057-CC, 2009 WL 10672315, at 2 (N.D. Georgia Feb. 11, 2009) ("Defendants' designation of . . . expert witnesses on the last day of the extended discovery period was grossly untimely."). Consequently, "[d]iscovery of expert opinion must not be allowed to degenerate into a game of evasion." *Voegeli v. Lewis*, 568 F.2d 89, 97 (8th Cir. 1977).

In *Parrish v. Bentonville School District*, the Eighth Circuit affirmed Judge P.K. Holmes' exclusion of the plaintiffs' expert's report, which was disclosed **only one day before the extended discovery deadline**, on the grounds that the disclosure was untimely and neither substantially justified nor harmless. No. 17-1915, 2018 WL 3544637, at 5, ___ F.3d ___, ___ (8th Cir. July 24, 2018). The court set out the relevant facts succinctly:

> The [plaintiffs] argue that the district court abused its discretion when it excluded Dr. Howard Knoff's expert report on the grounds that the report was not timely disclosed and the untimely disclosure was not harmless or substantially justified. The court's scheduling order stated that discovery must be completed by March 8, 2016, which was then extended until August 2, 2016. Dr. Knoff was disclosed as a potential expert witness on February 8, 2016. No report was disclosed prior to the initial close of discovery. **One day before the extended**

**discovery deadline of August 2, 2016, Dr. Knoff's report was disclosed**.

*Id.* (emphasis added).

A similar result was reached by the Fourth Circuit in *Sabry v. Gilbert Security Service, Inc.* No. 93-2425, 1994 WL 328278, 28 F.3d 1210 (4th Cir. July 11, 1994). There, the district court entered a scheduling order that included a discovery deadline. *Id.* at 1. The order also provided that no witness would be permitted to testify at trial if not identified in sufficient time to allow for his deposition to be taken prior to the discovery deadline. *Id.* The plaintiff provided a list of trial witnesses one day before the discovery deadline. *Id.* The district court sustained the defendants' objection to allowing the plaintiff to call the late-disclosed witnesses at trial, and the plaintiff appealed. *Id.* at 1–2. On appeal, the Fourth Circuit affirmed, holding that the plaintiff's failure to comply with the discovery order by not timely disclosing the witnesses was improper. *Id.* at 2.

Here, just as in *Parrish* and similar to *Sabry*, plaintiff disclosed Dr. Quill's export report just one business day before the extended discovery deadline. As the Eighth Circuit noted in *Parrish*, this disclosure was untimely because it did not permit defendants to take, let alone prepare for, Dr. Quill's deposition. Likewise, the Court's Second Amended Scheduling Order is similar to the *Sabry* order. The order here provides that "[a]ll discovery requests and motions must be filed sufficiently in advance of that date [the discovery deadline] to allow for a timely response. However, as in *Sabry*, disclosing an expert witness one day before the discovery deadline does not allow for a timely response. Plaintiff knew defendants

1683693-v1

could not depose the expert before the discovery deadline because all the possible deposition dates it provided were after than the deadline. *See* Ex. A, p. 2 ("We can make Dr. Quill available for deposition in Rochester, NY, on the following dates: August 2 and 3, September 13 and 14.") And even after defendants requested one of the August dates while reserving the right to object to Dr. Quill being called as an expert, plaintiff refused to present Dr. Quill until after getting a ruling from the Court on defendants' objection. *Id.* at p. 1. Therefore, defendants' motion to strike Dr. Quill should be granted.

## III.    CONCLUSION

Plaintiff's deadline to disclose expert witnesses was February 23, 2018. On July 13, nearly five months after his deadline, plaintiff disclosed Dr. Quill as an expert witness. Defendants' motion to strike Dr. Quill as an expert should be granted because plaintiff's disclosure was not timely, substantially justified, or harmless.

Assuming plaintiff's expert disclosure deadline was extended to July 16, 2018, defendants' motion should be granted based on plaintiff's decision to wait until one day before the discovery deadline to produce Dr. Quill's report. An expert witness disclosure that is made one day before the discovery deadline is tantamount to no disclosure at all.

Based on the foregoing, defendants pray that their motion to strike Dr. Timothy Quill is granted, that they be awarded all fees and costs, and for all other relief to which they are entitled.

1683693-v1

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: elowther@wlj.com; djung@wlj.com


By */s/ David C. Jung*
    Edwin L. Lowther, Jr. (81107)
    David C. Jung (2013141)
    *Attorneys for defendants*


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

    Ms. Janet Pulliam
    janet@pulliam-muskheli.com

    Mr. Michael Muskheli
    michael@pulliam-muskheli.com

    Mr. Tim Cullen
    tim@cullenandcompany.com

    Mr. John G. Jacobs
    jgjacobs@jacobskolton.com

    Mr. Bryan G. Kolton
    bgkolton@jacobskolton.com


    */s/ David C. Jung*
    David C. Jung

1683693-v1