IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARRY STEWART, M.D.                                                                   PLAINTIFF

v.                                        CASE NO. 4:17-CV-00338-BSM

ADVANCED MEDICAL REVIEWS, INC.; J.D.
HAINES, M.D.; GARY GRAMM, D.O.; DAVID
CHEN, M.D.; ANNA BELMAN, M.D.; and
JENNIFER CROWLEY, R.N.                                                         DEFENDANTS

## DEFENDANTS' MOTION IN LIMINE
## RE "PUBLIC POLICY IMPLICATIONS"

Defendants Advanced Medical Reviews, Inc., ExamWorks, Inc., J.D. Haines, M.D., Gary Gramm, D.O., David Chen, M.D., Anna Belman, M.D., and Jennifer Crowley, R.N. (collectively, "defendants"), for their motion in limine regarding plaintiff's contention that this case has public policy implications, state:

1.      Plaintiff has indicated that he views this lawsuit as having "far-reaching public policy implications." (Plaintiff's Memorandum Response to Defendants' Motion in Limine re Untimely Disclosed Witnesses, Dkt. No. 120, at pp. 4, 6).

2.      Any reference to public policy importance or implications should be excluded because it is irrelevant to plaintiff's claims, and even if had some probative value, its admission will confuse the jury and obfuscate the issues the jury is charged with deciding. Fed. R. Evid. 401, 402, 403.

3.      The fact finder in this case is charged with first deciding whether defendants are entitled to immunity under the Health Care Quality Improvement Act ("HCQIA") and second, if necessary, whether defendants are liable in this matter.

The jury is not charged with determining whether an outcome in this case would have public policy implications.

4. Any mention that the verdict in this case will have public policy implications would serve no evidentiary purpose.

5. Plaintiff's suggestion that this case will have public policy ramifications is nothing more than an impermissible Golden Rule argument. Golden Rule arguments are "universally condemned because [they] encourage[] the jury to 'depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Lovett v. Union Pac. R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000) (quoting *Dole v. USA Waste Servs. Inc.*, 100 F.3d 1384, 1388 (8th Cir. 1996)).

6. Plaintiff's statements that this case is about broad, public policy issues reinforces fear over facts, and, at trial, such a statement could threaten to resolve this complex litigation on matters other than the evidence presented by the parties and the applicable law. Because the Rule 403 balancing analysis dictates that the probative value of this is substantially outweighed by any of the dangers set forth in the Rule, this Court should exclude the evidence from trial.

7. Defendants are contemporaneously filing a brief in support of this motion that is incorporated herein by reference.

WHEREFORE, defendants pray that their motion in limine be granted, that, plaintiff be prevented from mentioning public policy as it relates to this case, and for all other relief to which they are entitled.

        WRIGHT, LINDSEY & JENNINGS LLP

        200 West Capitol Avenue, Suite 2300
        Little Rock, Arkansas 72201-3699
        (501) 371-0808
        FAX: (501) 376-9442
        E-MAIL: elowther@wlj.com; djung@wlj.com

        By <u>Jessica P. Koehler</u>
           Edwin L. Lowther, Jr. (81107)
           David C. Jung (2013141)
           Jessica Pruitt Koehler (2015226)
           *Attorneys for defendants*