IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARRY STEWART, M.D.                                                    PLAINTIFF

v.                          CASE NO. 4:17-CV-00338-BSM

ADVANCED MEDICAL REVIEWS, INC.; J.D.
HAINES, M.D.; GARY GRAMM, D.O.; DAVID
CHEN, M.D.; ANNA BELMAN, M.D.; and
JENNIFER CROWLEY, R.N.                                                 DEFENDANTS

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE RE "PUBLIC POLICY IMPLICATIONS"

#### I.   INTRODUCTION

Plaintiff has indicated that he views this lawsuit as having "far-reaching public policy implications." (Plaintiff's Memorandum Response to Defendants' Motion in Limine re Untimely Disclosed Witnesses, Dkt. No. 120, at pp. 4, 6). Any reference to public policy importance or implications should be excluded because it is irrelevant to plaintiff's claims, and even if had some probative value, its admission will confuse the jury and obfuscate the issues the jury is charged with deciding. Fed. R. Evid. 401, 402, 403.

#### II.   ARGUMENT

"Public Policy" references will confuse the jury. The fact finder in this case is charged with first deciding whether defendants are entitled to immunity under the Health Care Quality Improvement Act ("HCQIA") and second, if necessary, whether defendants are liable in this matter. The jury is not charged with determining whether an outcome in this case would have public policy implications. There is no

1856240-v1

aspect of either of the questions for the jury, immunity or liability that would necessitate consideration of public policy. This case is about the actions of the defendant medical reviewers and medical review company, not about palliative care doctors in general, as plaintiff suggests.

Any mention that the verdict in this case will have public policy implications would serve no evidentiary purpose. The only purpose that such an argument will serve is to ask the jurors to think about what ramifications this lawsuit will have on them or the citizens of Arkansas at the ends of their or their family members' lives. In other words, plaintiff's suggestion that this case will have public policy ramifications is nothing more than an impermissible Golden Rule argument. Golden Rule arguments are "universally condemned because [they] encourage[] the jury to 'depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Lovett v. Union Pac. R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000) (quoting *Dole v. USA Waste Servs. Inc.*, 100 F.3d 1384, 1388 (8th Cir. 1996)).

What the public policy should be on how much discretion a physician should have in administering pain and anti-anxiety medications at the end of a patient's life is determined by the legislature, not a jury. It is well settled that the determination of public policy lies almost exclusively with the legislature, and the courts will not interfere with that determination in the absence of palpable errors. *McDonald v. Pettus,* 337 Ark. 265, 988 S.W.2d 9 (1999). As such, references to public policy and the message a jury verdict might send are irrelevant and,

therefore, inadmissible. Fed. R. Evid. 402. But even if public policy implications had some relevancy, Fed. R. Evid. 403 requires that the Court balance the probative value of relevant evidence against the danger of unfair prejudice, confusion of the issues, or misleading the jury. If the jury hears from plaintiff that this matter could have overarching repercussions for palliative care, the jury will be distracted from the actual issues it is to decide, and defendants will be unduly prejudiced.

Plaintiff's statements that this case is about broad, public policy issues reinforces fear over facts, and, at trial, such a statement could threaten to resolve this complex litigation on matters other than the evidence presented by the parties and the applicable law. Because the Rule 403 balancing analysis dictates that the probative value of this is substantially outweighed by any of the dangers set forth in the Rule, this Court should exclude the evidence from trial.

### III.    CONCLUSION

For all these foregoing reasons, defendants pray that their motion in limine be granted, that plaintiff be prohibited from any public policy arguments, and for all other just and proper relief.

        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, Arkansas 72201-3699
        (501) 371-0808
        FAX: (501) 376-9442
        E-MAIL: elowther@wlj.com; djung@wlj.com;
        jkoehler@wlj.com

By _____
    Edwin L. Lowther, Jr. (81107)
    David C. Jung (2013141)
    Jessica Pruitt Koehler (2015226)
    *Attorneys for defendants*

4