IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARRY STEWART, M.D.                                                                               PLAINTIFF

v.                                       CASE NO. 4:17-CV-00338-BSM

ADVANCED MEDICAL REVIEWS, INC.; J.D.
HAINES, M.D.; GARY GRAMM, D.O.; DAVID
CHEN, M.D.; ANNA BELMAN, M.D.; and
JENNIFER CROWLEY, R.N.                                                                        DEFENDANTS

### DEFENDANTS' MOTION IN LIMINE REGARDING IRRELEVANT WITNESSES

Defendants, for their motion in limine regarding irrelevant witnesses, state:

1. Plaintiff Garry Stewart, M.D., alleges defendants defamed him and intentionally interfered with his business expectancy by conspiring with Conway Regional Medical Center ("CRMC") and other non-parties. Defendants deny plaintiff's allegations and further allege that they are entitled to immunity under the federal Health Care Quality Improvement Act.

2. Defendants' roles in this case all relate to third-party medical quality of care reviews. Defendant Advanced Medical Reviews, Inc. ("AMR") is a California company that contracted with CRMC to provide medical reviews of plaintiff's care of 14 different patients. Defendant physicians are all independent contractors of AMR who reviewed some of the 14 cases. Defendant Crowley is a registered nurse who was employed by AMR at all times relevant to this lawsuit. Her role in this case is limited to sending defendant physicians emails about some of their reviews.

1859704-v1

3. Plaintiff's allegations of defamation and intentional interference with business expectancy relate to quality of care reports for 7 of the 14 cases. Arkansas's substantive law applies to this diversity action. Based on the essential elements of plaintiff's claims, the anticipated testimony of plaintiff's witnesses identified below has zero probative value.

4. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

5. The facts of consequence in this case are those that tend to prove or disprove the elements of plaintiff's claims against defendants—defamation and intentional interference with business expectancy. *See* Arkansas Model Instructions—Civil 403, 409 (2018 ed.).

6. Five witnesses disclosed by plaintiff cannot offer any testimony that tend to make a fact of consequence more or less probable: 1) Mr. Gil Johnson; 2) Mr. James Johnston; 3) Ms. Laura Gullett; 4) Ms. Heather Harvey; and 5) Dr. Jeremy Thompson. Thus, plaintiff should be precluded from calling these witnesses at trial.

7. Defendants rely on the following in support of their motion:

- Exhibit A – March 5, 2018 email from plaintiff's counsel;
- Exhibit B – Dr. Gramm's report on patient A.J.;
- Exhibit C – Excerpts from deposition testimony of Mr. Gil Johnson;
- Exhibit D – Dr. Belman's report on patient S.J.;

2

- Exhibit E – Excerpts from deposition testimony of Mr. James Johnston;

- Exhibit F – April 20, 2018 email from plaintiff's counsel;

- Exhibit G – Excerpts from deposition testimony of Dr. Jeremy Thompson; and

- A brief in support.

WHEREFORE, defendants pray that their motion in limine regarding irrelevant witnesses be granted, that plaintiff be precluded from calling Mr. Gil Johnson; Mr. James Johnston; Ms. Laura Gullett; Ms. Heather Harvey; and Dr. Jeremy Thompson at the trial of this case, and for all other relief to which they are entitled.

    WRIGHT, LINDSEY & JENNINGS LLP
    200 West Capitol Avenue, Suite 2300
    Little Rock, Arkansas 72201-3699
    (501) 371-0808
    FAX: (501) 376-9442
    E-MAIL: elowther@wlj.com; djung@wlj.com

    By   David C. Jung
        Edwin L. Lowther, Jr. (81107)
        David C. Jung (2013141)
        Jessica Pruitt Koehler (2015226)
        *Attorneys for defendants*