Page 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


GARRY STEWART, M.D.,
            Plaintiff,

vs.                              CASE NO. 4:17-CV-00338-BSM

ADVANCED MEDICAL REVIEWS, INC.; EXAMWORKS, INC.;
J. D. HAINES, M.D.; GARY GRAMM, D.O.; DAVID CHEN, M.D.;
AND ANNA BELMAN, M.D.,
            Defendants.


ORAL DEPOSITION OF JEREMY R. THOMPSON, M.D.


APPEARANCES:

        MR. TIM CULLEN, Attorney at Law
            Cullen & Company
            124 West Capitol Avenue, Suite 1750
            Little Rock, Arkansas 72201

                *** For the Plaintiff ***

        MS. JESSICA P. KOEHLER, Attorney at Law
            Wright, Lindsey & Jennings
            200 West Capitol Avenue, Suite 2300
            Little Rock, Arkansas 72201

                *** For the Defendants ***






        TAKEN BEFORE Garold W. Pritsch, Certified Court
Reporter, LS Certificate No. 329, Bushman Court
Reporting, 620 West Third Street, Suite 302, Little Rock,
Arkansas 72201 on May 7th, 2018 at Pulliam & Muskheli,
2209 Cantrell Road, Little Rock, Arkansas commencing at
1:21 p.m.

EXHIBIT G

Jeremy R. Thompson 5/7/2018                    Stewart v. Advanced Medical Reviews, et al

Page 2

1                         I N D E X

2                                                      Page

3    Examination by Ms. Koehler                          4

4    Examination by Mr. Cullen                          79

5    Further Examination by Ms. Koehler                 82

6    Exhibit A    Defendant's Notice to take            15
                  Deposition Duces Tecum of Jeremy
7                 Thompson, M.D.

8    Exhibit B    E-mail from Mr. Muskheli to           29
                  Mr. Lowther and Mr. Jung dated
9                 4/20/18

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1          ANSWERS AND DEPOSITION OF JEREMY R. THOMPSON, M.D.,

2     a witness produced at the request of Defendants, taken in

3     the above styled and numbered cause on the 7th of May,

4     2018, before Garold W. Pritsch, Certified Court Reporter,

5     LS Certificate No. 329, a Notary Public in and for

6     Garland County, Arkansas, taken at the offices of

7     Pulliam & Muskheli, 2209 Cantrell Road,Little Rock,

8     Arkansas at 1:21 p.m.

9                    JEREMY R. THOMPSON, M.D.

10         The witness hereinbefore named, having been duly

11    cautioned and sworn or affirmed to tell the truth, the

12    whole truth, and nothing but the truth, testified as

13    follows:

14

15

16

17

18

19

20

21

22

23

24

25

Page 4

1                        EXAMINATION

2              MS. KOEHLER:   First, I'd like to put on

3         the record that by taking Dr. Thompson's

4         deposition, we are not waiving our right to any

5         objections to the manner in which Dr. Thompson

6         was disclosed as a witness in this case and the

7         timing of which he was disclosed.

8    BY MS. KOEHLER:

9    Q.    Okay.  Hi, Dr. Thompson, my name is

10   Jessica Koehler.  You and I got an opportunity to meet

11   earlier.  I represent the defendants in this lawsuit, and

12   those defendants are two companies, Advanced Medical

13   Reviews, Inc. and ExamWorks, Inc., and a number of

14   physicians, and we'll go over who they are later.

15        First, would you state your full name for the

16   record, please?

17   A.    Jeremy Ryan Thompson.

18   Q.    And I'm taking your deposition today because you

19   you've been disclosed by the plaintiff in this lawsuit,

20   who is Dr. Garry Stewart, you've been disclosed as a

21   witness and that's why we noticed you here for a

22   deposition.

23        Have you ever given a deposition before?

24   A.    Yes.

25   Q.    Okay.  So you know a little bit about this process

Page 16

1    Exhibit A the notice of -- of deposition.  Here's a copy.

2    Did you receive this notice?

3    A.    No.

4    Q.    You've never seen that before?

5    A.    No, I got it in an E-mail.

6    Q.    That's fine.  Yeah.  It was sent out via E-mail.

7    A.    Yes.

8    Q.    And did you see the third -- I think it's the third

9    page that's labeled Exhibit A?  It's the fourth page.

10   A.    Yes.

11   Q.    Okay.  And this is what's called a subpoena duces

12   tecum which means basically documents to be produced.

13   A.    Right.

14   Q.    And so we sent this asking you to bring these

15   documents, which were any and all materials you reviewed

16   to prepare for this deposition.

17   A.    Right.

18   Q.    And any and all materials you reviewed to form your

19   opinions regarding this case.

20   A.    Right.

21   Q.    Did you bring any documents or materials with you?

22   A.    No, but I did review the complaint and that's all

23   I've reviewed.  It is in my bag, I believe, in the car.

24   Q.    That's okay.  You don't have to get it.

25   A.    I got -- I saw a -- what they called the complaint.

Jeremy R. Thompson 5/7/2018                    Stewart v. Advanced Medical Reviews, et al

Page 17

1    It wasn't that long and that's all I've received.

2    Actually, I got that in an E-mail.

3    Q.    The complaint?

4    A.    Yeah, I don't -- so I don't have it.  I don't -- I

5    printed it, but I think I shredded it.  I don't -- I

6    don't have it in my bag.  I think it's an E-mail.

7    Q.    That's okay.  Trust me, I have that, a copy of

8    that.

9          Anything else you reviewed to prepare for this

10   deposition today?

11   A.    No.

12   Q.    Just the complaint --

13   A.    Correct.

14   Q.    -- in this lawsuit?

15   A.    Correct.

16   Q.    How did it come about that you are testifying in

17   this lawsuit?

18   A.    Dr. Stewart reached out to me and said, would

19   you -- would you be willing to visit with -- with my

20   attorneys about a case?  He's a colleague of mine at

21   Conway, and I said sure.

22   Q.    By Conway you mean?

23   A.    Conway Human -- Conway Human Development Center.

24   And I said sure.  And he passed my number on to the folks

25   here, to Janet and Michael, and I believe Michael called

Page 28

1    Q.    I see.  So no testimony in the courtroom though?

2    A.    No, no, no.

3    Q.    And you did not get paid to do that?

4    A.    Well, they paid us a salary to be a resident, but

5    I --

6    Q.    I'm sure it wasn't enough.

7    A.    I mean, I don't know.  It's -- you know, I -- just

8    the resident salary, not for that specific.

9    Q.    Not separate?

10   A.    No, it was just -- you know, you get paid annually

11   based on the year you are out of medical school, PGY1,

12   two, three, four.  All four of those get a number and

13   that's your salary.

14   Q.    I think the answer to this is no based upon your

15   earlier testimony, but correct me if I'm wrong.  Have you

16   reviewed the medical records of the seven patients at

17   issue in this case?

18   A.    No.

19   Q.    And you testified a moment ago that it's important

20   for you to review all information available to you before

21   performing an opinion; is that correct?

22   A.    Correct.

23   Q.    But you haven't reviewed any of the medical records

24   in this case; correct?

25   A.    Correct.

Page 38

1    A.    That sounds really familiar as well.

2    Q.    And the last is ███████████████    as in

3    ███████████.

4    A.    That sounds like a familiar name to me as well.

5    Q.    Okay.  So you think you may know some of these

6    people; is that right?

7    A.    Their names sound familiar to me, and to say that I

8    think I know them, I'd have to see their chart and see if

9    I saw them.

10   Q.    And in what capacity would that name be familiar

11   and in what capacity would you potentially know them?

12   A.    Well, the only way I would know them would be in

13   the clinic at Conway -- at the Conway Human Development

14   Center and in a psychiatric visit.

15   Q.    So do you think you may have treated any of these

16   people?

17   A.    If I know them, I would -- I -- yeah, very

18   possible.

19   Q.    But as we sit here today, you are not certain

20   enough to say that you treated any of these patients or

21   didn't treat any of these patients?

22   A.    That's true.  That is true.

23   Q.    So in other words, you can't tell me that you a

24   hundred percent treated any of those seven people that we

25   just mentioned?

Jeremy R. Thompson 5/7/2018                    Stewart v. Advanced Medical Reviews, et al

                                                                    Page 39

 1    A.    Not without seeing their charts, no, or having

 2    somebody else with some reliable record of their

 3    appointments and, you know, who they saw.  There's

 4    probably other things outside of their chart.  Somebody

 5    in administration probably keeps a track of who goes to

 6    what.

 7    Q.    But you have no independent recollection of any of

 8    those seven?

 9    A.    Not just off the top of my head about being --

10    about the treatment of any of these individuals as far

11    as -- no.

12    Q.    You don't remember anything about when the last

13    time you would have seen any of those people or what your

14    treatment might have been, any comorbidities that these

15    people have, anything like that?

16    A.    Not without seeing the record there.  I -- I don't

17    know if this is relevant or not.  I've been at Conway two

18    years.  I've been at Warren seven.  So you could list

19    about anybody at Warren I could probably tell you what

20    medicines they're on, but some of the folks at Conway if

21    they're seen quarterly, you know, I only get them maybe

22    six times.

23    Q.    And when was it that you started at Conway Human

24    Development Center?

25    A.    July 1st of -- two years ago from this July 1st,

Jeremy R. Thompson 5/7/2018                 Stewart v. Advanced Medical Reviews, et al

Page 44

1    A.    In my mind -- I'm sorry.  I've got it as these two

2    people --

3    Q.    That's okay.

4    A.    -- and then -- and your question is would you only

5    discuss them in the past tense and that's all you're

6    going to talk about, period.

7    Q.    My question really is just do you plan to testify

8    about patients that you don't know and that you have

9    never treated?

10   A.    No.  I wouldn't -- I would not -- I would not talk

11   about a specific patient that I have never treated.

12   However, I would be comfortable talking about a disease

13   process or that type of thing that I -- if someone were

14   to ask me about intellectual disabilities or if they were

15   to ask me about what do I do or that kind of thing, I'd

16   be fine to talk about that, but I would not opine about a

17   specific patient that I had never -- you know, start

18   talking -- you know, making detailed statements about a

19   specific patient that I've not treated, but I would -- I

20   would be fine to just tell them about me and -- or the

21   work -- or the work that I try to do with these folks

22   and --

23   Q.    Do you know -- I think the answer is no based on

24   your prior testimony -- what medications any of those

25   seven patients were taking on a daily basis prior to

Gary Pritsch
Bushman Court Reporting                              (501) 372-5115

Page 45

1    their admission to Conway Regional?

2    A.    I don't.  I don't.

3    Q.    Do you agree that you would have to speculate as to

4    how patients you do not know would react to certain

5    medications?

6    A.    Without a prior knowledge of anything, without

7    know -- without medical records or anything like that?

8    Q.    As we sit here today.

9    A.    If I would have to speculate as to -- if I saw a

10   patient, no medical records, the patient doesn't give me

11   a history of how they've responded to a given medication

12   or treatment, that I would not know how they would

13   respond to a given treatment.

14   Q.    Let's take it less of a hypothetical and more --

15   I'm talking about these seven people.

16   A.    Okay.

17   Q.    You can't tell me today, you don't know that you

18   know these people?

19   A.    Right.

20   Q.    And is it fair to say that you would have to

21   speculate about how those seven people react to certain

22   medications?

23                MR. CULLEN:  Object to the form.

24   BY MS. KOEHLER (CONT.):

25   Q.    You can answer.  That's him objecting for the

Page 83

1    assessment to the meds you prescribe, which are

2    psychotropic?

3    A.    Yes.  That's all I can speak to, and I should

4    qualify your statement by saying can.

5    Q.    Okay.  I'm sorry.  That you do prescribe --

6    A.    No, no, no, no, that they can require more.

7    Q.    But not always?

8    A.    But not always.  I mean, that's just not -- you

9    know, it's just not a blanket going to have to happen,

10   you know.  Some people may be dramatically more

11   sensitive, that's not the norm, but I just don't want to

12   make a --

13   Q.    Sure.

14   A.    Like, hey, you came in the door, you need four

15   times the FDA limit, you know.

16   Q.    Do you know that to be true for any of the seven

17   people in this lawsuit?

18   A.    I don't know.  No, I don't know the seven.  I

19   don't -- I can't say anything about the seven with

20   certainty, no.

21              MS. KOEHLER:  I think that's it.

22              MR. CULLEN:  Nothing further.

23              (The taking of the above-styled deposition

24         concluded at 2:56 p.m.)

25

Page 84

1                       C E R T I F I C A T E

2      STATE OF ARKANSAS*
                        *  ss
3      COUNTY OF GARLAND*

4           I, GAROLD W. PRITSCH, Certified Court Reporter, a
       Notary Public in and for the aforesaid county and state,
5      do hereby certify that the witness, JEREMY R. THOMPSON,
       M.D., was duly sworn by me prior to the taking of
6      testimony as to the truth of the matters attested to and
       contained therein; that the testimony of said witness was
7      taken by me in machine shorthand notes and was thereafter
       reduced to typewritten form by me or under my direction
8      and supervision; that the foregoing transcript is a true
       and accurate record of the testimony given to the best of
9      my understanding and ability.

10          In accordance with Rule 30(e) of the Rules of Civil
       Procedure, review of the transcript was not requested by
11     the deponent or any party thereto.

12          I FURTHER CERTIFY that I am neither counsel for,
       related to, nor employed by any of the parties to the
13     action in which this proceeding was taken; and, further,
       that I am not a relative or employee of any attorney or
14     counsel employed by the parties hereto, nor financially
       interested, or otherwise, in the outcome of this action;
15     and that I have no contract with the parties, attorneys,
       or persons with an interest in the action that affects or
16     has a substantial tendency to affect impartiality, that
       requires me to relinquish control of an original
17     deposition transcript or copies of the transcript before
       it is certified and delivered to the custodial attorney,
18     or that requires me to provide any service not made
       available to all parties to the action.

19
            GIVEN UNDER MY HAND and SEAL OF OFFICE on this
20     11th day of May, 2018.

21
       _____
22          Garold W. Pritsch, CCR, LS No. 329, Notary
            Public in and for Garland County, Arkansas
23
       My Commission expires February 27, 2020.
24

25

Page 85

1          REPORTER'S CERTIFICATION OF CERTIFIED COPY

2

3          I, GAROLD W. PRITSCH, LS No. 329, Certified Court

4     Reporter in the State of Arkansas, certify that the

5     foregoing pages 1 through 84 constitute a true and

6     correct copy of the original deposition of JEREMY R.

7     THOMPSON, M.D. taken on May 7th, 2018.

8          I declare under penalty of perjury under the laws

9     of the State of Arkansas that the foregoing is true and

10    correct.

11          Dated this 11th day of May, 2018

12

13    _____

      Garold W. Pritsch, CCR, LS No. 329, Notary

14    Public in and for Garland County, Arkansas

15    My Commission expires February 27, 2020.

16

17

18

19

20

21

22

23

24

25