IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARRY STEWART, M.D.                                        PLAINTIFF

v.                        CASE NO. 4:17-CV-00338-BSM

ADVANCED MEDICAL REVIEWS, INC.; J.D.
HAINES, M.D.; GARY GRAMM, D.O.; DAVID
CHEN, M.D.; ANNA BELMAN, M.D.; and
JENNIFER CROWLEY, R.N.                                     DEFENDANTS

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE
REGARDING MEDICAL LITERATURE AND EXPERT OPINIONS**

## I.    Introduction

Plaintiff Garry Stewart, M.D., identified approximately 60 medical journal

articles and related materials as trial exhibits. *See* Doc. No. 204-1. Many of these

exhibits were timely disclosed as literature that plaintiff's experts intended to rely

on in support of their respective opinions. However, some of the exhibits were not

disclosed until after plaintiff's experts had been tendered for deposition and after

the close of discovery. Defendants would be unfairly prejudiced if plaintiff's experts

were permitted to rely on these late disclosed exhibits at trial, as defendants were

deprived of the opportunity to question plaintiff's experts about the literature.

Additionally, defendants seek to preclude plaintiff from eliciting any expert

opinions from any witness, including plaintiff, which were not disclosed pursuant to

the Court's various scheduling orders and Federal Rule of Civil Procedure 26. If

plaintiff's witnesses are permitted to offer undisclosed opinions for the first time at

trial, the unfair prejudice defendants would suffer would be even greater than the prejudice related to an expert relying on late disclosed literature.

## II.    Argument

Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable. Fed. R. Evid. 401. Generally, all relevant evidence is admissible unless otherwise prohibited by law. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *see also Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998).

Under Fed. R. Civ. P. 26(a)(2), all parties "must disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705"—that is, all witnesses who will present expert opinion testimony. If the expert witness is retained, the retaining party must provide a report containing (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) the witness's qualifications, along with publications the witness has authored; (5) a testimonial list; and (6) a statement of the compensation to be paid. Fed. R. Civ. P. 26(a)(2)(B). If the expert is non-retained, the party must still provide notice of "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Either way, the rules

2

clearly require the disclosing party to put the opposing party on notice of the opinions to be offered along with the facts and data relied on as the basis for the opinions. *See id.* These disclosures must be made in accordance with the Court's scheduling order. *See* Fed. R. Civ. P. 26(a)(2)(D). In the absence of a scheduling order, the disclosure must be made "at least 90 days before the date set for trial" or, if the evidence is solely for rebuttal, "within 30 days after the other party's disclosure." *Id.*

As the Eighth Circuit has explained, the purpose of these rules is to eliminate unfair surprise to the opposing party and to conserve judicial resources. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995). Further, enforcement of scheduling "order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1).

This Court has previously considered four factors in assessing whether the failure to timely disclose an expert was justified or harmless: (1) the importance of the proffered witness's testimony; (2) the explanation of the party for its failure to comply with the required disclose; (3) the potential prejudice that would arise from allowing the material to be used at trial or on a motion; and (4) the availability of a continuance to cure such prejudice. *Stanley v. Tyson Foods, Inc.*, No. 5:08-cv-0004-BSM, 2008 WL 5381393, at *1 (E.D. Ark. Dec. 22, 2008).

3

In *Trost*, a products liability case, the Eighth Circuit Court of Appeals affirmed the district court's grant of summary judgment in favor of a defendant based on plaintiff's untimely disclosures. 162 F.3d at 1006. There, the district court set scheduling deadlines for expert witness disclosures and depositions. *Id.* After these expert witness deadlines passed, the defendant moved for summary judgment, arguing that the plaintiff failed to produce "competent evidence to support his claims." *Id.* The court granted the motion, "finding the opinion of [the plaintiff's] expert <u>inadmissible because it was untimely, inadequate</u>, and based upon insufficient expertise." *Id.* (emphasis added). The plaintiff's expert's opinion was provided "forty-two days after the deadline for completion of expert discovery." *Id.* at 1007. On appeal, the Eighth Circuit held that the plaintiff had no substantial justification that would allow for a late disclosure:

> There is no question that the expert evidence was late. October 1, 1997 was the deadline for expert discovery, and Engel's . . . affidavit and . . . letter were submitted well beyond that date. "A party that . . . fails to disclose information required by Rule 26(a) . . . <u>shall not be permitted</u> to use the [nondisclosed information] as evidence at a trial, at a hearing, or on a motion" "unless such failure is harmless" or there was "substantial justification" for the failure.

*Id.* at 1008 (brackets in original) (emphasis added). The plaintiff had not requested an extension of the deadline, and the untimely disclosure was not harmless because the defendant had continued to litigate the case based on the lack of plaintiff's disclosure. *Id.* at 1008–09. The Eighth Circuit held that the defendant "would have been significantly prejudiced by the late production of [the expert's] opinion because of lack of time to prepare to refute the evidence at trial. In addition, the court's trial calendar would have been disrupted if a continuance became necessary."

4

As explained in detail below, this Court should preclude plaintiff's experts from relying on and referring to medical literature that was not disclosed <u>before</u> their depositions were taken and <u>before</u> the close of discovery. Likewise, plaintiff should be precluded from eliciting any expert opinions from his witnesses that were not timely disclosed.

A.     **Defendants would suffer substantial unfair prejudice if plaintiff's experts are permitted to rely on medical literature and related materials that were disclosed after the experts' respective depositions were taken and after the close of discovery.**

It is undisputed that the plaintiff's only trial experts are Dr. Morgan Sauer, Dr. Timothy Quill, Johnathan Wolfe, Ph.D., and Ralph Scott, Ph.D. Plaintiff's exhibit list contains approximately 60 different medical articles and related material. *See* Doc. No. 204-1, pp. 10–12. Some of these articles were timely disclosed as articles that plaintiff's experts intended to rely on in support of their opinions. However, this list includes numerous articles that plaintiff's experts have either not relied upon or additional articles that were not disclosed until just weeks before our trial date. *See* Ex. A, pp. 1–2 ("Some of these were cited in our experts reports, but I believe most were not -- I will cross-reference the two and will be able to give you a more exact answer. We do intend to use these with our expert witnesses."). Based on correspondence with plaintiff's counsel, it is evident that plaintiff intends to use material supplemented on May 10, 2019, with his expert witnesses. *See id.* Just as the Eighth Circuit noted in *Trost*, plaintiff here failed to disclose his experts' material until well after the close of discovery (late December 2018) and just 30 days before trial. Moreover, these materials were also disclosed long after plaintiff

tendered his expert witnesses for their depositions. Plaintiff did not petition this Court in connection with the effort to augment his experts' opinions with this literature, and there has been no effort to demonstrate how the failure to petition the Court was either harmless or substantially justified. Thus, plaintiff should be precluded from using these late-disclosed materials at trial.

## B. Defendants would suffer substantial unfair prejudice if plaintiff or his experts are permitted to offer expert opinions that were not disclosed at all.

Federal Rule of Civil Procedure 26's requirements for disclosure of expert's opinions make a distinction between retained and non-retained experts (*supra*, pp. 2–3). Distinctions aside, the Rule makes clear that disclosure of an expert's opinions is an absolute requirement. *See id.* Equally clear is that the Rule makes <u>no distinction</u> or provides no exception when the qualified expert is a party. *Id.* Likewise, Federal Rule of Evidence 702 does not distinguish or carve out an exemption for parties. Plaintiff Garry Stewart, M.D., should not be permitted to offer any opinions in this case because no disclosure was made under Federal Rule of Civil Procedure 26.

Recently, defendants became concerned with the possibility of plaintiff giving expert testimony at trial. *See* Ex. A, p. 1 ("I am not aware of any restriction on Dr. Stewart not to discuss medical literature, so (sic) cannot agree that he will not rely on this information."). To date, defendants have not received any notice of any kind as to "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). This

6

is all the more concerning given the representations of plaintiff's counsel at the conclusion of Dr. Stewart's May 10, 2018 deposition:

> Q.     Okay. You have not been identified as an expert witness in this case. Do you anticipate giving any expert testimony?
>
> A.     I don't understand what that is. I don't understand what you mean.
>
>      MR. LOWTHER:   Do you intend to solicit any standard of care testimony from him at trial?
>
>      MR. CULLEN:     No. He has obvious expertise, and to the extent he explains medical concepts and stuff like that, I think that's fair game, but we do not intend to use him to render standard of care opinions.
>
>      MR. LOWTHER:   Or causation opinions?
>
>      MR. CULLEN:     Or causation.
>
>      MR. LOWTHER:   Okay. Dr. Stewart, thank you very much. I pass the witness.
>
>      MR. CULLEN:     No questions.

*See* Ex. B, pp. 238:23 – 239:15. Given plaintiff's failure to comply with Rule 26 and the assurances provided by his counsel, he should be precluded from offering expert opinions at the trial of this case.

### III.    Conclusion

Fundamentally, our rules of civil procedure are construed and employed to secure justice for litigants. These rules operate to ensure that litigation is fair to all parties involved. When the rules expressly require litigants to take certain steps to put opposing parties on notice, and a litigant chooses not to take those steps, justice and fairness are thwarted.

1865875-v1

The law plainly requires plaintiff to tell defendants who he plans to elicit expert testimony from at trial, what those opinions are, and the facts underlying the opinions. All of this needs to be done in accordance with the Court's scheduling order. Plaintiff's attempt to supplement discovery responses just one month before trial by identifying dozens of new medical journal articles and related materials his experts will testify about risks subjecting defendants to substantial unfair prejudice. Defendants have been deprived of the opportunity to inquire of plaintiff's experts to find out how these untimely disclosed documents contribute to their opinions.

Likewise, defendants should not be subjected to substantial unfair prejudice through plaintiff, himself, offering undisclosed expert opinions at trial. Even up to the moment of this filing, plaintiff has yet to produce anything that would help defendants understand what opinions he intends to offer at trial, let alone producing documents that comport with his obligations under Fed. R. Civ. P. 32. Thus, neither plaintiff nor his experts should be permitted to offer any expert testimony that was not properly disclosed.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: djung@wlj.com; elowther@wlj.com

By David C. Jung _____
   Edwin L. Lowther, Jr. (81107)
   David C. Jung (2013141)
   Jessica Pruitt Koehler (2015226)
   *Attorneys for defendants*

8